Mr. Justice Cox
delivered the opinion of the court.
This was an action commenced before a justice of the peace to recover the sum of eighty dollars for rent due to the plaintiff’, and an attachment was issued by the justice of the peace against the goods and chattels of the tenants upon the following affidavit;
*214 District or Columbia, )
Washington County.}
rn .. . 1
In Justice’s Court before A. C. Richards, one of the justices of the peace in and for the county and District aforesaid, ' in the case of—
Susan L. Wallace, Plaintiff, Annie R. Chesley, Mary C. Chesley, and Catherine Harris, Defendants.
} No. 3075.
Personally appeared, Susan L. Wallach, the plaintiff in the above entitled cause, and makes oath that she is the plaintiff, and that the defendants, Annie R. Chesley, Mary C. Chesley, and Catherine Harris, are tenants under a lease as set forth in the declaration, and that the moneys she claims therein to become payable to her by the defendants, is for the rent of the said premises, which will become due on the 15th day of February, 1882, exclusive of all set-offs and just ground of defence, and to secure which the plaintiff has a tacit lien upon the personal chattels of the defendants, and that the defendants have removed all said personal chattels off the premises, and are about to sell some part of the same.
Susan L. Wallace, [seal.].
Subscribed and sworn to before me this 10th day of February, A. D. 1882.
A. C. Richards, J. P.
On that affidavit the usual warrant was given, and an attachment was issued against the goods and chattels of the tenants, and it was levied on those goods and chattels off the premises. The justice gave a judgment in favor of the plaintiff' for eighty dollars and costs, and also a judgment of condemnation of the chattels seized by the constable. An appeal was taken from the justice’s judgment, to the circuit court, and a motion was made there “to set aside the judgment of the justice of the peace and quash all the proceedings before the said justice of the peace for want of jurisdiction on the part of said justice of the peace, and for *215 other good and sufficient reasons appearing in the record.” That motion was certified here in the first instance.
It is contended, on the part of the defence, that if a justice of the peace can issue attachments under any circumstances, he had no authority to do so under the circumstances set forth in these proceedings. It will be observed that the affidavit here shows, first, that the rent was not due at the time the affidavit was made and the attachment issued ; and in the next place, the affidavit further shows that the chattels had been already removed from the premises. Now, it is contended that the justice had no jurisdiction to issue an attachment undetf those circumstances, and we are referred to the act of Congress on that subject. That act provides, in the firsto section, for the abolition of the common law right of the landlord to distrain for rent. That right, as we know, was the right to seize the goods of either the tenant or a stranger, upon the very land itself. It was a right incident to a reversion. It related to the land. It involved no power of seizing the tenant’s chattels anywhere but on the land.
There was a statutory extension of this right in favor of landlords, to the effect that, if the goods had been clandestinely removed by the tenant, they might be pursued within a period of thirty days by the landlord. But with that -exception, the power of distress was confined to the chattels of the tenant on the land. That light is abolished by the first section of the act of Congress in question. As a substitute for this right so abolished, it is provided that the landlord shall have a tacit lien on such of the tenant’s chattels on the premises as are subject to execution for debt, to commence with the tenancy and continue for a limited period. It then .goes on to provide how this lien shall be enforced. It does not give the landlord a lien without any ■means of enforcement. It provides fbr several conditions of things; first, when the rent is due; and, next, when the rent is not yet matured. When the rent is due, the lien may be enforced by an attachment issued upon an affidavit that the rent -is due and unpaid. There is no trouble about that. But it will occur to anybody, that the tenant may, *216 just before the maturity of his rent, and in order to avoid compulsory payment of it, remove M3 chattels or change the property in them. To meet that contingency, it is further provided that, even before the rent is due, if the landlord will make affidavit that the tenant is about to remove or sell all or some part of his chattels, the attachment may issue. And those are the only two cases provided for in the statute, in which an attachment is the remedy intended.
It is provided further, as we all know, that a lien may also be enforced by the landlord by obtaining a judgment against the tenant and issuing an execution which can be levied on the goods in whosesoever hands they may be found ; and the landlord is also authorized to sue the purchaser and get judgment against him to the extent, of the rent in arrears.
Now, the language that the defendant is “about to remove,” clearly applies to a case where the goods have not yet been removed, and is inapplicable to a case where the goods have been removed from the premises. It is contended for the tenant here that the words “ or sell,” are limited to the same condition of things, and, we think, correctly. So that the statute should be interpreted as if it read, “ that the landlord shall have a tacit lien on the tenant’s chattels on the premises, and when his debt is not yet due, it may be enforced by attachment on affidavit that the defendant is about to remove or sell all or some part of the chattels on the said premises.” But after they have been removed from the premises, the remedy is that provided in the second clause of section 679, that is, by judgment against the tenant, and execution to be levied upon such chattels, or any of them, in whosesover hands they may be found. And there seems to be sufficient reason for the distinction. As we have already stated, the common law right of distraining was confined to the chattels upon the premises. It was an exceptional right, and a very oppressive one in many cases; and the remedy by attachment, given by this statute as a substitute for that, is itself an extraordinary and exceptional right, varying from the course of the *217 common law, and there is reason enough for holding that that remedy, which is a judicial seizure, as the other was a private seizure, of the debtor’s property, before any judgment, should be confined to the condition of things in which the relation of landlord' to the tenant, and of both to the property subject to the right, was unchanged. But if the property has been once removed from the premises and may have gotten into other hands, there ought to be a judicial determination of the cause of action before this extreme 'remedy can be resorted to, of a seizure before any hearing upon the merits of the claim.
We think, therefore, that after the particular chattels have been removed from the premises, the landlord whose debt is not yet due, has no right to an attachment for recovery, but must resort to a j udgment and execution, and, therefore, the justice was without jurisdiction in issuing the attachment in this case. The motion, therefore, will be sustained. It is unnecessary to decide other questions which suggest themselves as to the power of a justice to issue attachments in any case, which is not necessarily involved.in this case.
The motion is granted